Anderson v. Donnell.

No. 7702.

ANDERSON *v.* DONNELL.

INSTRUCTION.—*Reference to Complaint in General Terms.*—*Practice.*—In an in- struction submitting an issue arising upon the sale and payment for eleven mules, a reference to the mules as a " lot of mules," without in- dicating the number designated in the complaint, was not too general. The complaint containing the precise number was already before the jury, to aid the reference to it with exactness.

EVIDENCE.—*Lost Receipt.*—*Practice.*—If a trial court erred in striking out a party's testimony in his own behalf as to the execution and contents of a lost receipt, the subsequent admission of the party and the person who gave it, to testify to its execution, cured the error.

From the Rush Circuit Court.

*L. Sexton* and *C. Cambern,* for appellant.

*J. D. Miller, F. E. Gavin, G. B. Sleeth* and *J. W. Study,* for appellee.

NIBLACK, J.—This action was brought by William A. Don- nell against James W. Anderson and John A. Maddux, upon a complaint averring facts which may be briefly stated as follows :

That in the year 1870 the said Donnell and Maddux were partners in the business of buying and selling real estate and other property for the purposes of trade and speculation ; that, during the existence of the partnership, they purchased two

tracts of land, one from Chaney McKay, for the sum of $300, and the other from Ralph Charles, for $600; that, in obedience to the terms of the partnership, Donnell executed his promissory notes for those sums of money to the said McKay and Charles respectively; that afterward the said Donnell and Maddux, as such partners, sold to Anderson eleven mules, in consideration of which he, Anderson, promised to pay and discharge the notes executed by Donnell, as above, to the said McKay and Charles; that Anderson had paid and taken up the McKay note, but had wholly failed and refused to pay and take up the Charles note, by reason of which Donnell had been compelled to pay, and had paid, the same, with the interest due thereon; that Donnell and Maddux had dissolved their partnership, and that by the terms of its dissolution Donnell had become the sole owner of the claim against Anderson.

Maddux was made a defendant only to answer to his interest in the claim, and made no defence to the action. Anderson answered in general denial.

Verdict in favor of the plaintiff, assessing his damages against Anderson at $912.14. Motion for a new trial denied and judgment on the verdict.

Anderson is the only appellant, no judgment having been either demanded or taken against Maddux.

The only questions discussed by counsel are such as arose upon the motion for a new trial.

The ground upon which the appellant based his defence was, that, instead of buying the mules of the firm of Donnell & Maddux, and agreeing to pay the McKay and Charles notes as alleged, he had, in fact, bought them of Maddux individually, and paid Maddux for them in full.

The appellant, as a witness in his own behalf, testified that he had purchased the mules of Maddux, explaining the circumstances under which he claimed the purchase had been made; that he had paid Maddux in full for the mules, giving the items which had entered into the contract price and con-

stituted such full payment. He also stated that, upon settlement with Maddux concerning the mules, he, Maddux, had executed to him a receipt for the price of them, alleging the loss of that receipt and giving his recollection of the words which it contained.

Upon the appellee's motion, so much of the appellant's testimony as related to the receipt was struck out, and the action of the court in that respect is complained of here as having been erroneous.

Whether, if the receipt had been offered in evidence, it would have been properly admissible, we need not decide, as that question is not now before us in such a way as to require a decision upon it. The appellant was afterward, in connection with other portions of his evidence, permitted to testify to the execution of the same receipt to him by Maddux, and to put Maddux on the stand as a witness to corroborate him as to the fact that such a receipt had been given. Conceding, therefore, without deciding, that the court erred in striking out what the appellant first said concerning the receipt, the error was fully cured by the subsequent proceedings.

The court, of its own motion, gave to the jury six instructions in writing.

The first instruction was merely preliminary to those which followed, and assumed only to give a synopsis of the facts averred in the complaint, and of the answer which had been filed in the cause. It referred to the mules, which were charged to have been delivered to the appellant under a contract for the payment of the McKay and Charles notes, as a "lot of mules," without indicating the number designated in the complaint.

The appellant contends that this reference to the mules was too general, and tended to impress upon the minds of the jury that the precise number of mules which may have been delivered to the appellant was immaterial. Authorities are cited in support of the doctrine contended for by the appellant, but these authorities have reference to executory, and not to ex-

ecuted, contracts, and do not sustain the objection urged by him to the instruction complained of. The complaint was before the jury, and for the purpose for which the instruction referred to its averments, it was unnecessary that the reference should be in more than general terms. Besides, the precise number of mules, which had been sold and delivered to the appellant, was not made an important question at the trial, the real contest being as to the person or persons from whom, and the terms upon which, the appellant had purchased the mules. Taken as a whole, we see nothing in the instructions injurious to the appellant.

The appellant further contends that the verdict was not sustained by the evidence.

The evidence was irreconcilably conflicting, and, as to the question of the greater credibility, the jury had necessarily to decide as between several of the witnesses. There was evidence tending to sustain all the material allegations of the complaint. Under such circumstances, we are not permitted to disturb the verdict upon the evidence.

The judgment is affirmed, with costs.